## DELANEY v OHIO FINANCE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2562. Decided Oct 11, 1935

Grover C. Brown, Columbus, and Milton W. Buffington, Columbus, for plaintiff in error.

E. D. Walcutt, and Lytle G. Zuber, Columbus, for defendants in error.

J. Delaney. The case of **Armine v O'Brien, 36 Oh St, 491,** is cited in support of plaintiff's contention. We have examined this case very carefully and have no difficulty in arriving at the conclusion that it supports the claim of plaintiff. The statement of facts discloses the reported case and the instant case to be so similar that the reasoning is controlling. The first syllabus reads as follows:

"1. The surrender of a promissory note to the maker, upon receiving in payment thereof a new note, the signatures to which were supposed to be genuine by the payee, but one or more of which were forged, does not operate as payment of the original note, nor extinguish the right of action thereon."

It is the contention of counsel for the defendant, Delaney, that by reason of the unreversed judgment of the Municipal Court in the first action wherein the same was dismissed against John Delaney by reason of the signature being a forgery, the question of res adjudicata may be raised and prevents recovery by the Finance Company in the instant action. The answer of defendant presents this issue. We have very carefully read counsel's brief and examined the cases cited. We do not think they support the claim under the state of facts in the instant case. The subject matter of the two actions was entirely separate and distinct. The only element of similarity was identity of parties. While in each instance the action was on a note secured by mortgage, the notes were of different dates and for different amounts.

Finding no prejudicial error in the record, the judgment of the lower court will be affirmed and costs adjudged against plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.

## OPINION

By BARNES, PJ.

It is the theory of the Finance Company that the cancellation of the first note and mortgage in consideration of a renewal note and mortgage in which the purported signature of John J. Delaney was forged has the effect in law of revitalizing the original note and mortgage so as to give them a right of action against the defendant John